IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY EARL, et al.,           )
                                )
         Plaintiffs,            )
                                )
    v.                          )    No. 12 C 1026
                                )
MIDFIRST BANK, et al.,          )
                                )
         Defendants.            )

# **MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted as to the federal claims and denied without prejudice as to the state law claims.

# **BACKGROUND**

In April 2003, Plaintiffs Anthony Earl and Bobbie Earl allegedly signed a promissory note (Note) and secured the Note with a mortgage (Mortgage). Plaintiffs contend that the Note and Mortgage were given to Aegis Wholesale Corporation and that the Note and Mortgage were subsequently transferred to Defendant First

1

Horizon Home Loan Corporation (First Horizon). In July 2003, First Horizon allegedly transferred the Note and Mortgage to a trust (Trust). In May 2004, the Trust was allegedly dissolved, and the interests in the Note and Mortgage were allegedly never transferred to another party. According to Plaintiffs, all interests in the Note and Mortgage terminated at that point. Plaintiffs contend that subsequently, Defendant MidFirst Bank (MidFirst) allegedly falsely posed as the mortgagee with authority to collect payments owed on the Note and Mortgage and filed a foreclosure action in state court (Foreclosure Action) against Plaintiffs. Plaintiffs do not dispute that they have failed to honor their obligations under the agreed terms of the Note and Mortgage. Plaintiffs' instead seek to capitalize on the alleged inadvertent termination of all interests in the Note and Mortgage and to avoid paying their obligations based on alleged technicalities in the assignment of interests in the Note and Mortgage.

Plaintiffs include in the amended complaint a claim against MidFirst alleging a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Count I), a quiet title claim (Count II), a slander of title claim (Count III), a fraud claim (Count IV), an attempted conversion claim (Count IV), an unjust enrichment claim (Count IV), a claim alleging a violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* (Count V), and a claim alleging a

violation of the Illinois Fair Debt Collection Practices Act, 225 ILCS 425 (Count VI). On May 3, 2012, Plaintiffs voluntarily dismissed all claims brought against Defendants Aegis Wholesale Corporation and Aegis Mortgage Corporation. On May 16, 2012, Plaintiffs voluntarily dismissed all claims brought against First Horizon and Defendant First Tennessee Bank National Association. The remaining Defendants, MidFirst and Mortgage Electronic Registration Systems, Inc. (MERS), now move to dismiss the claims brought against them.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.

2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I.  FDCPA Claims (Count I)

Defendants contend that based upon the facts alleged in the amended complaint and the pleading that have been filed in this case, Plaintiffs have failed to state a FDCPA claim. Plaintiffs argue that there was never a valid assignment of the interest in the Note and Mortgage to MidFirst and that MidFirst never acquired standing to file a mortgage foreclosure action and to seek payments owed on the Note and Mortgage. However, Plaintiffs have filed in this action an exhibit which includes a copy of an Assignment of the Note, assigning all interests in the Note to

4

MidFirst. (DE 4). In addition, MERS attached a copy of the Note to its objection to Plaintiffs' earlier filed motion for leave to file an amended complaint. MERS argued in that objection that an amendment of the complaint would be futile since this action would be dismissed regardless of the proposed amendment. MERS also argued in the objection, as Defendants argue in the instant motion, that MidFirst is the proper holder of the Note. (DE 33 3). The objection filed by MERS was analogous to a motion to dismiss, and the court can consider the copy of the Note attached by MERS, since the Note is referenced by Plaintiffs in the complaint and the amended complaint and the Note is central to Plaintiffs' claims. *See, e.g, Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). The copy of the Note filed by MERS includes an endorsement to MidFirst. (DE 33-1 32). Plaintiffs fail to include more than a conclusory legal conclusion in the amended complaint that MidFirst was not assigned any interest in the Note. (A Compl. 22-24). Plaintiffs argue that they are not required to prove at this juncture that the copy of the Assignment of the Note they filed and the copy of the Note filed by MERS were not accurate copies. However, Plaintiffs must show that it is at least plausible that a violation of the FDCPA occurred, and Plaintiffs cannot rely solely on their baseless speculation that the copies of the documents in the record might be fabrications by Defendants. Plaintiffs' allegation that Defendants allowed all interests in the Note

and Mortgage to terminate without seeking any collection on the obligations owed by Plaintiffs is not plausible in light of the documents in the record.

In addition, once MidFirst was the holder of the Note, MidFirst acquired an equitable assignment in the Mortgage, and MidFirst had standing under Illinois law to file a mortgage foreclosure action. *See, e.g., Federal Nat. Mortg. Ass'n v. Kuipers*, 732 N.E.2d 723, 730 (Ill. App. Ct. 2000)(stating that "in Illinois, the assignment of the mortgage note is sufficient to transfer the underlying mortgage"); *Moore v. Lewis*, 366 N.E.2d 594, 599 (Ill. App. Ct. 1977)(explaining that "a mortgage, which in this state is only regarded as a mere incident to the debt . . . is not assignable at law," and that "[i]t is the debt which is assigned, and the transfer of the debt carried with it the mortgage security"); *see also, e.g., Land O'Lakes Purina Feed, LLC v. WelkCo, LLC*, 2011 WL 1465632, at *3-4 (S.D. Ill. 2011)(stating that "Illinois law permits oral assignments and assignments of an instrument by a separate document, provided that there is delivery of the instrument"); *In re Diamond Mortg. Corp. of Illinois*, 78 B.R. 196, 199 (Bankr. N.D. Ill. 1987)(stating that "Illinois case law makes it clear that negotiation always requires delivery . . . and that delivery is valid when the maker or holder of the note has parted with possession and control over the negotiable instrument"). Thus, the Mortgage itself did not need to be formally assigned in order for MidFirst to file the Foreclosure Action. Based on the

above, Plaintiffs have not alleged facts that plausibly suggest that MidFirst improperly acted as a debt collector or communicated deceptive, false, fraudulent, or misleading statements to Plaintiffs regarding the collection of a debt in violation of the FDCPA. In addition, the court notes that Plaintiffs still have recourse in the Foreclosure Proceedings if they desire to challenge the foreclosure on the Note and Mortgage. Therefore, Defendants' motion to dismiss the FDCPA claims (Count I) is granted.

III. Remaining State Law Claims

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that,

in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, Defendants' motion to dismiss the remaining state law claims is denied without prejudice, and such claims are dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss the FDCPA claims (Count I) are granted. Defendants' motion to dismiss the remaining state law claims is denied without prejudice, and the remaining state law claims are dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 28, 2012